STATE EX REL. BREIER, Chief of Police of City of Milwaukee, Petitioner-Respondent, v. CIRCUIT COURT OF MILWAUKEE COUNTY, BRANCH 15, Honorable Marvin C. Holz, presiding, and others, Respondents-Petitioners.

Supreme Court

*No. 79–584–W. Decided October 9, 1979.*
(Also reported in 284 N.W.2d 102.)

For Jimmie Dickie Kazee: *Charles F. Kahn, Jr.,* of Milwaukee.

For other respondents-petitioners: *E. Michael McCann,* district attorney, and *David L. Jorling,* assistant district attorney.

For petitioner-respondent: *James B. Brennan,* city attorney, and *Grant F. Langley,* assistant city attorney.

PER CURIAM   The petitioner, Jimmie Dickie Kazee (hereinafter defendant), has petitioned for review of an order dated April 24, 1979, of District I of the court of appeals. Such order granted the respondent, Milwaukee Police Chief Harold Breier's petition for a supervisory writ of prohibition to prohibit the trial court from enforcing compliance with its previously entered order granting the defendant discovery of ". . . all police offense reports relating to every sexual assault reported in the city of Milwaukee during the calendar years 1978 and 1979."

After considering the petition to review, the memorandum in support thereof and the police chief's and district attorney's responses thereto, we conclude, without expressing any opinion on the merits of the prohibition action, that the petition to appeal should be granted, that the order of the court of appeals be summarily reversed, and the cause remanded for further proceedings.

The police chief's petition for a supervisory writ of prohibition was served and filed on April 20, 1979. On April 23, 1979, the court of appeals issued an order setting oral argument on the petition for 8:30 a.m. the following day, April 24, 1979. This order also provided that the defendant could file written responses to the petition at or prior to such hearing. Additionally, this order stayed enforcement of the trial court's discovery order pending the court of appeals' further order.

The defendant's attorney was notified by telephone on April 23rd that oral argument was scheduled for the next day. At the argument, the defendant's attorney requested an adjournment so as to have an opportunity to file a written response to the police chief's petition. This request was denied and the hearing was held, after

which the court of appeals orally announced its decision granting the writ of prohibition. This oral decision was subsequently reduced to a written order dated April 24, 1979. It is from this order the defendant seeks review.

When a petition for a supervisory writ is filed, the court must follow the procedures prescribed by sec. (Rule) 809.51(2) and (3), Stats., which provide:

"809.51  **Supervisory writ**
"(1) . . .
"(2) The court may deny the petition [for a supervisory writ] ex parte or may order the respondents to file a response with a supporting memorandum, if any, and may order oral argument on the merits of the petition. The respondents shall respond with supporting memorandum within 10 days of service of the order. A respondent may file a letter stating that he or she does not intend to file a response, but the petition is not thereby admitted.
"(3) The court, upon a consideration of the petition, responses, supporting memoranda and argument, may grant or deny the petition or order such additional proceedings as it considers appropriate."

It is clear from these rules that when a petition for a supervisory writ is filed, the court may do either one of two things: It may deny the petition ex parte *or* it may order the respondent to file a response. If the court does the latter, it may then also order oral argument on the merits of the petition. If a response is ordered, the respondent has 10 days within which to file it. Here the court, without ordering a response but rather simply giving the defendant an opportunity to file a written response before the oral argument, scheduled the matter for oral argument for the next morning.

While technically this procedure may not have been in violation of the rules in light of sec. (Rule) 809.82(2), which permits the court on its own motion to enlarge or reduce the time for doing any act, nevertheless, we con-

clude the court of appeals abused its discretion in scheduling the matter for oral argument in less than a day and permitting the defendant to file a response only *before* such argument.

Undoubtedly, there are or will be cases where the exigencies of the situation would permit the court to so drastically shorten the normal 10-day response period contemplated by sec. (Rule) 809.51(2), Stats. However, nothing in the record indicates that this is such a case. Here there was no fear that the circuit court would enforce its discovery order because such enforcement was stayed by the April 23rd order of the court of appeals. Furthermore, there could have been no fear that a delay to permit the defendant to respond in writing to the police chief's petition would unduly delay defendant's trial because the underlying criminal case had been adjourned and no new trial date had yet been scheduled. No exigent circumstances appear in this case which would justify such immediate scheduling of an oral argument without granting defendant's counsel an effective opportunity to file a written response to the petition. No matter how meritorious the petition or how meritless the defendant's position might have appeared, scheduling an oral argument without giving the defendant an opportunity to effectively respond to the petition was, under the circumstances of this case, an abuse of discretion.

It is only after a consideration of the petition, response, supporting memoranda and argument, if any, that the court may grant or deny the petition. Sec. (Rule) 809.51 (3), Stats. While a petition for a supervisory writ may be summarily denied, it may not, under usual circumstances, be summarily granted. To shortcut the procedure prescribed by the rules when no apparent reason for doing so exists, amounts to an abuse of discretion. Accord-

ingly, we reverse the order granting the petition for a writ of prohibition and remand the matter to the court of appeals with directions to reconsider the petition along with any written response thereto the defendant may wish to file within 10 days of the date of remand. Any further hearing or oral argument in this matter is left to the discretion of the court of appeals. An order consistent with this opinion has been filed.